IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERNEST MILLER,　　　　　　　　　　　　No. CIV S-10-1141-CMK-P

　　　　　Plaintiff,

　　vs.　　　　　　　　　　　　　　　　ORDER

S. SADER, et al.,

　　　　　Defendants.

_____/

　　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1).

　　　　　The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must

allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

### I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: Sader; Prader; Harper; Dharlingue; and Tamplen. Plaintiff alleges:

> On April 29, 2010, I was giveing [sic] back a "602" grievance complaint that I filed against my (CCI Counselor Mr. S. Sader) (c/o Mr. C. Prater) (c/o Sergeant Mr. K. Harper) (Lieutenant Mr. D. Dharlingue) (Mr. D. Tamplen) being denied. Note: (most of these officers are in a gay mens club). These named defendants above are constantly sexual harassing (prisoner- inmate) E. Miller . . . by fatal threats to live in a cell with a child molester inmate or one of there [sic] homosexual prisoner inmate or he will be prison disciplined. By force to not have no prison property to never spend no American money at there [sic] prison store-commissary including with there [sic] package approved vendors, and not receive his incoming mail (unless he gets turned on to there [sic] homosexual law state world).

Plaintiff suggests that he has been improperly disciplined "for years every day since 12-08 2008 to present of 5-03-2010. . . ." In documents attached to his complaint, specifically an inmate appeal form, some clarification of plaintiff's claims can be found. On the appeal form, plaintiff states that defendants harassed him from December 2008 through April 2010 in part telling him that, if he did not accept a "child molester prisoner cellmate or there [sic] homosexual cellmate," he would be deemed a "program failure" and "have no rights in prison earning zero credits with no privileges." Additional documents attached to the complaint reveal that, in April 2010, plaintiff was found guilty of a rules violation for refusal to accept assigned housing and assessed a loss of 90 days good-time credits. Plaintiff was also denied canteen privileges for 180 days. Plaintiff's exhibits also reflect that he had been found guilty of prior serious rules violations in January 2009 and August 2008. It appears that, by way of the instant action, plaintiff seeks

monetary damages as well as restoration of lost privileges, including good-time credits.

## II.  DISCUSSION

When a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam).  Thus, where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, or the result of a prison disciplinary hearing, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding.  See Edwards v. Balisok, 520 U.S. 641, 646 (1987) (holding that § 1983 claim not cognizable because allegations of procedural defects and a biased hearing officer implied the invalidity of the underlying prison disciplinary sanction); Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable because allegations of procedural defects were an attempt to challenge substantive result in parole hearing); cf. Neal, 131 F.3d at 824 (concluding that § 1983 claim was cognizable because challenge was to conditions for parole eligibility and not to any particular parole determination).  In particular, where the claim involves loss of good-time credits as a result of an adverse prison disciplinary finding, the claim is not cognizable.  See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997).  If a § 1983 complaint states claims which sound in habeas, the court should not convert the complaint into a habeas petition.  See id.; Trimble, 49 F.3d at 586.  Rather, such

claims must be dismissed without prejudice and the complaint should proceed on any remaining cognizable § 1983 claims.  See Balisok, 520 U.S. at 649; Heck, 512 U.S. at 487; Trimble, 49 F.3d at 585.

Here, plaintiff's claim is not cognizable because success on the merits would necessarily imply the invalidity of various prison disciplinary guilty findings which resulted in loss of credits.  In particular, plaintiff claims that defendants acted improperly in charging him with rules violations.  If true, the validity of the underlying rules violations is called into question.  For this reason, plaintiff must first demonstrate that the various disciplinary findings have been overturned or otherwise set aside before proceeding with this civil rights action.

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff shall show cause in writing, within 30 days of the date of this order, why this action should not be dismissed for failure to state a claim.  Plaintiff is warned that failure to respond to this order may result in dismissal of the action for the reasons outlined above, as well as for failure to prosecute and comply with court rules and orders.  See Local Rule 110.

IT IS SO ORDERED.

DATED:  July 27, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE