IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ERNEST MILLER, | | No. CIV S-10-1141-CMK-P |
| | Plaintiff, | |
| vs. | | ORDER |
| S. SADER, et al., | | |
| | Defendants. | |
| _____/ | | |

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.  Pending before the court is plaintiff's response to the court's July 28, 2010, order to show cause.

       The court outlined plaintiff's allegations in its prior order and will not repeat them here.  As to the plaintiff's claims, the court stated:

> When a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam).  Thus, where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, or the result of a prison disciplinary hearing, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding.  See Edwards v. Balisok,

1

520 U.S. 641, 646 (1987) (holding that § 1983 claim not cognizable because allegations of procedural defects and a biased hearing officer implied the invalidity of the underlying prison disciplinary sanction); Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable because allegations of procedural defects were an attempt to challenge substantive result in parole hearing); cf. Neal, 131 F.3d at 824 (concluding that § 1983 claim was cognizable because challenge was to conditions for parole eligibility and not to any particular parole determination).  In particular, where the claim involves loss of good-time credits as a result of an adverse prison disciplinary finding, the claim is not cognizable.  See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997).  If a § 1983 complaint states claims which sound in habeas, the court should not convert the complaint into a habeas petition.  See id.; Trimble, 49 F.3d at 586.  Rather, such claims must be dismissed without prejudice and the complaint should proceed on any remaining cognizable § 1983 claims.  See Balisok, 520 U.S. at 649; Heck, 512 U.S. at 487; Trimble, 49 F.3d at 585.

Here, plaintiff's claim is not cognizable because success on the merits would necessarily imply the invalidity of various prison disciplinary guilty findings which resulted in loss of credits.  In particular, plaintiff claims that defendants acted improperly in charging him with rules violations.  If true, the validity of the underlying rules violations is called into question.  For this reason, plaintiff must first demonstrate that the various disciplinary findings have been overturned or otherwise set aside before proceeding with this civil rights action.

Plaintiff was directed to show cause why his civil rights action should not be dismissed.

In his response, plaintiff alleges that he is in imminent danger of serious injury. He also draws the court's attention to Exhibit A to his response, which is a November 23, 2009, minute order from the Los Angeles County Superior Court.  Plaintiff states that this order has "exhausted remedies."  The minute order references state habeas petitions filed in 2007 and 2008 challenging plaintiff's underling conviction.  The minute order denies plaintiff's request for a copy of the abstract of judgment of his May 2003 criminal conviction.  Nothing in plaintiff's response relates to the prison disciplinary issues raised in this case.  Because petitioner has not demonstrated that the disciplinary actions he challenges in this action have been overturned or otherwise invalidated, the instant civil rights action does not present cognizable claims and must be dismissed.

1       Accordingly, IT IS HEREBY ORDERED that this action is dismissed for failure
2 to state a cognizable claim and the Clerk of the Court is directed to enter judgment and close this
3 file.

  DATED: September 15, 2010

                                            **CRAIG M. KELLISON**
                                            UNITED STATES MAGISTRATE JUDGE